Affirmed and Memorandum Opinion filed June 29, 2004









Affirmed and Memorandum Opinion filed June 29, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01265-CR

_______________

 

JOSE LUIS RODRIGUEZ, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________________

 

On
Appeal from the County Criminal Court at Law No. 1

Harris County, Texas

Trial
Court Cause No. 1117884

__________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Jose
Luis Rodriguez, Jr. appeals a conviction for DWI[1]
on the grounds that the trial court abused its discretion by: (1) allowing
Officer Staton to testify regarding his administration of the HGN test; and (2)
limiting appellant=s right to cross-examine Staton regarding his qualifications
and credibility.  We affirm.








Rodriguez=s first issue contends that the trial
court should not have allowed Staton to testify regarding the results of
appellant=s HGN test because the validity of
Staton=s HGN certification, and thus his
qualification to testify, was discredited by another witness.[2]

A
trial court=s determination whether a witness is
qualified to testify as an expert is reviewed for abuse of discretion.  Wyatt v. State, 23 S.W.3d 18, 27 (Tex.
Crim. App. 2000). 

For testimony
concerning a defendant=s performance on the HGN test to be admissible, it must be
shown that the witness testifying is qualified as an expert on the HGN test,
specifically concerning its administration and technique.  Emerson v. State, 880 S.W.2d 759, 769 (Tex.
Crim. App. 1994).  In the case of a police officer, this
requirement will be satisfied by proof that the officer has received
practitioner certification by the State of Texas to administer the HGN.  Id.

In this case, Staton testified, and provided supporting
documentation, that he had become duly certified to administer the HGN
test.  Among the thirty-five field
evaluations Staton reported performing to satisfy his certification
requirements was that of another DWI arrestee, Trenholme.  Trenholme testified in this case that, on the
evening of his arrest, he did not remember Staton or anyone else in a Constable=s uniform performing the test on him.
Appellant thus contends that this testimony casts too much doubt on Staton=s HGN certification to allow him to
testify as an expert.








However, Trenholme=s arrest had been roughly eighteen
months before he testified in this case, and records introduced into evidence
by appellant indicate that Trenholme=s breath alcohol concentration was
0.13 at the time.  Under these
circumstances, it was within the trial court=s discretion to conclude that
Trenholme=s testimony was too lacking in
credibility to cast legitimate doubt on the reliability of the information
Staton reported to obtain his certification. 
Because appellant=s first issue thus fails to demonstrate any abuse of
discretion by the trial court in admitting Staton=s testimony, it is overruled.

Appellant=s second and third issues argue that the trial court violated
his constitutional rights to confrontation by denying his right to
cross-examine Staton with evidence that he provided false information to obtain
his HGN certification.

The right to confrontation is intended to prevent, among
other things, improper restrictions on the types of questions that defense
counsel may ask during cross-examination. Pennsylvania v. Ritchie, 480
U.S. 39, 52 (1987).  In this case, it is
not clear from appellant=s brief or the reporter=s record with what evidence appellant
was denied any right to cross-examine Staton. 
In appellant=s bill of exceptions, defense counsel asked Staton about the
field evaluations he reported to obtain his certification, including that of
Trenholme, but did not cross-examine Staton with Trenholme=s testimony or any other evidence
suggesting that the information he provided was false.  Under these circumstances, appellant=s second and third issues present
nothing for our review and are overruled, and the judgment of the trial court
is affirmed.

 

/s/        Richard H. Edelman

Justice

Judgment
rendered and Memorandum Opinion filed June 29, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
convicted appellant, sentenced him to 180 days in jail, probated for 18 months,
and imposed a $750.00 fine.





[2]           However,
in discussing his second and third issues, appellant=s brief contradicts this assertion by stating that AStaton=s purported certification was not necessary for the
admission of his testimony on the HGN administered to Appellant.@